Some years ago was formed the Democratic Women's Luncheon Club of New Jersey, an unincorporated association, to advance the principles of democracy as laid down by Thomas Jefferson. The complainant alleges that she is the president of the association and sues as its agent in its behalf. The defendant Democratic Women's Luncheon Club of New Jersey, Inc., which was incorporated March 22d 1941, claims to be the successor of the association, entitled to use its name and to employ the funds which were in the treasury of the association at the time the corporation was formed. Without actually deciding any controverted facts, I will assume that the defendants' view of the facts is correct.
In January, 1941, the annual meeting of the association was held and Mrs. Height, as well as other officers and directors, were elected, all by unanimous vote, except the third vice-president. For this office, there was a contest. At the monthly meeting, March, 1941, the members present voted unanimously "that we incorporate the Club." At a special meeting held on April 2d, a motion was put and carried unanimously, that the resignation of the president, Mrs. Height, be demanded. The meeting also went on record as understanding that this demand had the effect of ousting her from the presidency. April 30th a regular monthly meeting *Page 452 
was held. All of the officers, except the treasurer, were voted out of office and their successors chosen. The board of directors was re-made. On March 22d, Mrs. Phillips and some others had caused to be incorporated the defendant, Democratic Women's Luncheon Club of New Jersey, Inc. A motion was unanimously carried that the incorporation be ratified. Such is the record on which defendant relies.
The total membership of the association was 150 or more. Those present at the March meeting numbered about 30. Perhaps a few more attended each of the April meetings, but far less than the entire membership. None of the actions above recited was taken with the consent of all the members.
Mrs. Height and her fellow officers were elected for terms of two years, which have not yet expired. They could not be ousted within that time except by amendment of the by-laws. The by-laws have not been amended. Nor could they be ousted and others chosen in their stead, unless notice was given to them and to all the members that their removal from office and the election of their successors was a matter which would come before the meeting. Such notice was not given. It is true that there was notice that at the special April 2d meeting, a motion would be considered demanding Mrs. Height's resignation, but this was not equivalent to notice of a motion to oust her. The request for her resignation did not operate to vacate her office. Again, if perchance there were vacancies in the offices and directorate of the association, they should have been filled by the remaining directors, for so the by-laws specified.
The by-laws of a voluntary association constitute a contract between the members on which each member can rely. Harris v.Geier, 112 N.J. Eq. 99; Cameron v. International Alliance,c., 119 N.J. Eq. 577; Gaestel v. Brotherhood of Painters, c.,120 N.J. Eq. 358; 7 C.J. § 34; 14 C.J. § 1282.
The officers chosen at the annual meeting in January, 1941, are still the officers of the old association — if that association still exists. The association could, perhaps, disband by vote of a majority of a quorum, although there is authority to the contrary. 7 C.J. § 28. And by a majority vote the members could consent that some other association, or a corporation *Page 453 
might assume the name, Democratic Women's Luncheon Club of New Jersey. But in order that such action be effective, each member was entitled to notice that the matter would come before the meeting. The motions passed were not, in so many words, to disband or to consent to the use of the name, but that "we incorporate the Club." Defendants contend that the result was the end of the voluntary association and the consent that the corporation assume the old title. So specific notice was equally necessary.
Few members of an association attend all meetings. They may properly assume that if any action is contemplated which is of an extraordinary nature and of great importance to the association, they will be notified that the matter will be brought up at the meeting. Without such notice, members who are absent from the meeting are not bound by the action of those who attend. Bagley
v. Reno Oil Co. (Pa.), 50 Atl. Rep. 760; Johnson v.Tribune-Herald Co. (Ga.), 116 S.E. Rep. 810; Des MoinesLife, c., Co. v. Midland Insurance Co., 6 Fed. Rep. 2d228. The cases cited relate to corporations, but the principle is equally applicable to unincorporated bodies.
As no notice of the proposal to incorporate or to ratify the incorporation was given, the action was ineffectual.
The treasurer of the association is one of the faction that created the corporation, and she turned over to the corporation the funds of the association. Even if the association has been disbanded, its funds should be distributed among the members. The funds cannot vest in the new organization except by unanimous consent. Great Council, c., v. Mohican Tribe, c., 92 N.J. Eq. 593.
Or except the statutory procedure be followed. R.S.15:1-12.
Let there be a decree that the incorporated club return the funds of the old association and that it change its name to one which will obviate confusion of the two organizations. *Page 454