George W. STONE et al., Plaintiffs in Error,

v.

Ernie K. DEAN et al., Defendants in Error.

No. 38134.

Supreme Court of Oklahoma.

June 2, 1959.

Rehearing Denied Oct. 6, 1959.

William M. Franklin, Anna B. Otter, Oklahoma City, for plaintiffs in error.

Porta & Weaver, El Reno, for defendants in error.

JOHNSON, Justice.

The plaintiffs, George W. Stone, Z. H. Lawter, Herman Swart, W. O. Lawson, Ed Preble, R. J. Powell, and Jack Armour, patrons of the Oklahoma Farmers Union Supply Association, for themselves as said patrons and for other patrons thereof, past and present, as their interests may appear, have appealed from an adverse judgment in an action against the defendants, Ernie K. Dean, William Dolezal, Homer Duffy, Gus Gray, Spencer Bernard, Roscoe Beall, Jimmie (James) H. Hays, W. E. Shedeck, Directors, and Z. H. Lawter, as Secretary-Treasurer, and Charles Lawter in his position as manager of the Oklahoma Farmers Union Supply Association. The parties will be referred to in the same order in which they appeared in the trial court.

This litigation was precipitated by a proposed merger of the Association with the Oklahoma Farmers Union Co-Operative, which we will refer to as the "Co-op" and which was a merchandising corporation, encouraged and sponsored by the organization of farmers known as the Oklahoma State Union of the Farmers Education and Co-Operative Union of America. Also encouraged and sponsored by the same organization was the unincorporated voluntary association known as the Oklahoma Farmers Union Supply Association (which we will refer to as the "Ass'n"). The purpose of the Ass'n was to purchase and supply to those members of the "Farmers Union", who desired to patronize it, such supplies, merchandise and equipment as was possible, at a monetary saving for its patrons. It was a non-profit organization whose patrons constituted its membership and whose by-laws were its only governing laws and regulations, there being no charter. Any cash on hand, remaining after the payment of expenses and providing a reserve necessary for continuation of its business, was repaid annually to its patrons.

At the outset or beginning of this action a temporary restraining order was issued on ex parte proceedings, restraining defendants from proceeding with the proposed merger. This action was followed by a hearing upon the question of issuing a permanent restraining order or injunction against defendants, permanently restraining or enjoining them from proceeding with the proposed merger.

The judgment of the trial court was for the defendants generally denying the plaintiffs all relief and dissolving the temporary restraining order granted ex parte at the commencement of the suit.

Numerous assignments of error are interposed, but we deem it necessary to consider only the question of the sufficiency of the notice to the patrons of the Oklahoma Farmers Union Supply Association, an unincorporated voluntary association, of the merger with the Oklahoma Farmers Union Co-Operative, which was organized under the provisions of the statutes governing co-operatives, 18 O.S.1951 § 421 et seq.

If the notice of the Ass'n's regular meeting to the patrons was insufficient to apprise them of the proposed merger or dissolution of the Ass'n, then the attempted merger was invalid ab initio, and the trial court was wrong in dissolving the injunction against the merger. See Bacon v. Paradise, 318 Mass. 649, 63 N.E.2d 571, 167 A.L.R. 1227.

The only notice given to the patrons in the instant case appeared in the Oklahoma Union Farmers, a publication of the Farmers Union, and provided:

"Notice is hereby given that the annual meeting of the patrons of the Oklahoma Farmers Union Supply Association will be held at the Oklahoma Farmers Union headquarters at 10 a. m. February 19, 1957, to determine the general policies to be followed by the association for the succeeding year."

Thus it is seen that the purpose of the meeting was to determine *the general policies to be followed by the association for the succeeding year,* and not for the purpose of *dissolution or merger.*

The by-laws of a voluntary association, such as involved herein, constitute a

contract between the members on which each member can rely. 14 C.J.S. Clubs § 7, p. 1282; 7 C.J.S. Associations § 11, p. 34.

Article IV of the By-Laws of the Oklahoma Farmers Union Supply Association provides:

### "Article IV

#### "Patrons' Meeting

"*Section 1. Annual Meeting.* The regular annual meeting of the patrons of the association shall be held at the location of its general office, or the Educational Room of the Farmers' Union, in Oklahoma City, Oklahoma, the Third Tuesday in February, and notice thereof in the Oklahoma Union Farmers shall be sufficient notice.

"*Section 2. Special Meetings.* Special patrons' meetings may be called by the Board of Directors, and notice of such meeting published in the Oklahoma Union Farmer for at least ten days before such meeting, giving the time and place and purpose thereof, will be sufficient notice.

"*Section 3. Voting and Quorum.* Each patron, who must be a paid member of the Farmers' Union, who attends a patrons' meeting, shall have only one vote on any issue, and a majority of the patrons present at any regular or called meeting shall constitute a quorum for the transaction of business.

"*Section 4. Order of Business.* The order of business at the annual meeting or called meeting of the patrons shall be:

"1. Roll call.

"2. Proof of due notice of meeting.

"3. Reading and disposing of minutes.

"4. Annual report of officers and committees.

"5. Election of directors.

"6. Unfinished business.

"7. New business.

"8. Adjournment.

"Robert's Rules of Order which are applicable and not in conflict with these By-Laws are made a part thereof."

■ The provisions of Article IV of the By-Laws demonstrate that notice of the time, manner and purpose of a regular meeting must be given patrons if any of the business to be transacted is of an extraordinary nature, such as a merger, as otherwise the members of a voluntary association may properly assume that only customary business is contemplated for a regular meeting, Height v. Democratic Women's Luncheon Club, 131 N.J.Eq. 450, 25 A.2d 899, 900. In this case it is stated:

"Few members of an association attend all meetings. They may properly assume that if any action is contemplated which is of an extraordinary nature and of great importance to the association, they will be notified that the matter will be brought up at the meeting. Without such notice, members who are absent from the meeting are not bound by the action of those who attend."

■ It is argued that the sufficiency of the notice hereinbefore quoted was not raised by the pleadings in the trial court, and that the notice was not attacked in the motion for a new trial. We do not agree. The notice was adduced in evidence and was referred to in the trial court's finding of fact. The motion for new trial generally was that the judgment was contrary to the law and the evidence. The petition in error was substantially the same as the motion for a new trial. The trial court's statement concerning the notice supports the contention that the sufficiency of the notice was an issue in the case.

The trial court's statement that "(T)he notice to the patrons of the Supply Association of the annual meeting conducted on February 19, 1957, is regular and conforms to the by-laws of such association" is correct in so far as it pertains to the customary business contemplated for a regular or annual meeting, but the trial court erred in holding that the above-quoted notice was sufficient to justify the action of the Board of Directors, as authorized by vote of patrons present at the regular annual meeting, in merging the Association with the Oklahoma Farmers Union Co-Operative.

In these circumstances we think that fair dealing and just regard for the rights of all the members of the Ass'n required that they should be notified of the subject matter to be dealt with at any meeting which should deal with the merger of the Ass'n with another, and that the notice hereinbefore quoted was not enough under the by-laws of the association or the statutes, 2 O.S.1951 § 349; 18 O.S.1951 § 1.166. See also Bacon v. Paradise, supra, and Height v. Democratic Women's Luncheon Club, supra. And as no notice of the proposed merger was given the patrons, the action was ineffectual. Therefore, the cause should be reversed and remanded with directions to reinstate the cause and grant the injunction against the purported merger.

However, in this connection it is persuasively argued that the named plaintiffs in error in attending the questioned meeting of the patrons of the Supply Association and participating therein waived their objections to the sufficiency of the notice. We do not think so. The record does not disclose that they favored the proposed merger. They, as a matter of fact and by their actions in this case, oppose the merger. This argument may have been of some probative value in sustaining such contention were it not for the fact that under the circumstances of this case the action was properly brought as a class action (see West Edmond Hunton Lime Unit v. Young, Okl., 325 P.2d 1047, and cited cases) and under these conditions the notice as given was clearly insufficient to clothe the few of the patrons attending the meeting with authority to bind the many patrons not legally notified or attending. Bacon v. Paradise, supra; Height v. Democratic Women's Luncheon Club, supra.

Reversed and remanded with directions.

WILLIAMS, V. C. J., and WELCH, BLACKBIRD, JACKSON and IRWIN, JJ., concur.

DAVISON, C. J., and HALLEY and BERRY, JJ., dissent.