OKLAHOMA ASSOCIATION OF INSUR-
ANCE AGENTS, a Corporation,
Plaintiff in Error,

v.

Reata A. HUDSON and Moody R. Parks, Co-
partners doing business under the firm
name and style of Hudson and Parks In-
surance Agents, Defendants in Error.

No. 40067.

Supreme Court of Oklahoma.

Sept. 24, 1963.

G. M. Fuller, Daniel G. Gibbens, John C. Buckingham, Fuller, Smith, Mosburg & Davis, Oklahoma City, for plaintiff in error.

Raymond A. Trapp, Ponca City, O. B. Martin, Oklahoma City, for defendants in error.

WELCH, Justice.

Oklahoma Association of Insurance Agents is a corporation organized under the laws of Oklahoma for benevolent purposes to foster better service to the insuring public, to promote cooperation among insurance agents and encourage understanding between them and the public. It has no stated capital. The members of the Association on May 13, 1961, by requisite two-thirds majority, amended the by-laws of the Association to add to qualification for membership therein a requirement that members maintain co-existent membership in local or county boards of insurance agents, if any such local boards are in existence in the area where the member conducts his business.

On account of their failure to maintain membership with local or county boards as was required by the by-laws, as amended, the Association declined to accept dues tendered by petitioners for the year that began July 1, 1961.

The petition of Hudson and Parks for an alternative writ of mandamus pleads their tender of dues in accordance with the by-laws and that the Association arbitrarily and contrary to law and its by-laws refused to accept the dues. They do not allege that they are qualified to be members nor that the by-laws, as amended, are invalid. They simply allege that they have been members since 1954, and that their membership, which is of value to them, was wrongfully deprived.

It is stipulated between the parties that Article XII of the Association's by-laws provides that said by-laws may be amended at any meeting by an affirmative vote of two-thirds of the members present and voting, and that the amendment thereof of May 13, 1961, was adopted after notice and upon two thirds vote.

A local Board, Ponca City Association of Insurance Agents, and a county board, Kay County Association of Insurance Agents, exists in petitioners' area, to neither of which petitioners belong.

A contention is made by petitioners that changes in by-laws are invalid if they are destructive of vested rights of nonassenting members of the association. Berger v. Amana Society, 250 Iowa 1060, 95 N.W.2d 909, 70 A.L.R. 830, lends some support to that contention. Therein, it was reasoned that amendments of articles or charters, under a general reserved right of amendment, may not be effective for the purpose of issuing additional classes of capital stock as against the rights of nonassenting owners of issued stock as surely it was beyond the contemplation of the parties that the redemption value of present shares would be diminished by demands of new stock in the event of dissolution and distribution. The difference in factual situation in that case to the one we are here considering is readily apparent. We deem it unnecessary to pass upon the particular contention in this case because it is not indicated by the record that such vested interests are involved. No rights in property are mentioned. Neither is it indicated that a loss of petitioners' membership in the Association will affect petitioners' right to pursue their trade or profession to an extent that justifies judicial intervention. We think the applicable rule here is, as stated in 6 Am.Jur.2d, Associations and Clubs, Sec. 28, p. 455:

"In the absence of circumstances conferring some proprietary interest, the interest of a member in the property of a voluntary association which is merely incidental to his membership therein

is not such a property right as will support judicial intervention. * * * "

■ It is patent that the by-laws of a voluntary association constitute a contract between the members, and we so held in Stone v. Dean, Okl., 344 P.2d 649. In this respect it is insignificant whether the association be unincorporated or incorporated. By-laws of associations may be amended in compliance with provisions thereof governing amendments.

Provisions of our statutes applicable to corporations such as the Association are 18 O.S.1961 §§ 541-550, of which § 546 authorizes provision in by-laws for the qualifications of membership, fees and dues, expulsion for non-payment thereof, or for misconduct, and for restoration to membership and for regulations not repugnant to the law of the land and consonant with the objects of the corporation. 18 O.S.1961 § 1.52 authorizes amendment of the by-laws.

Hudson and Parks argue that when they became members of the Association in 1954 they possessed qualifications for membership. That they did not then belong to co-existent local or county boards and have not since belonged to same and may not now be expelled for non-membership therein.

Of plaintiff's presumption that the present case involved expulsion of a member, which, in turn requires certain procedures, it is said in 38 Am.Jur. Mutual Benefit Associations § 78:

"If a member admits the offense warranting his expulsion, it is then unnecessary that he should have a formal hearing and trial, because he, in effect, pleads guilty."

■ The stipulation of the parties would seem to eliminate necessity for performance of a useless act. Members of a corporation or association may waive their rights. In Smith v. Kern County Medical Ass'n, 9 Cal.2d 263, 120 P.2d 874, Dr. Smith was held to be bound by the new by-laws of the Medical Association and his acts to have constituted a violation of the principles of medical ethics therein declared notwithstanding the fact that he failed to appear at the hearing at which he was to have been afforded an opportunity to have furnished support to his filed answer. Expulsion, however, is not here involved. Expulsion is an action by an association directed against one or more of its members. The membership as a whole has imposed an additional obligation upon each and every member by amending its by-laws. The amendment regulates all its members.

In Tinker v. Modern Brotherhood of America, 13 F.2d 130, (N.D.Okla. 1926) it was said under a somewhat similar circumstance that the question of being suspended or expelled was not involved as no act on the part of the Society to terminate Tinker's relations to the Society was required.

It may as well be argued that the dues as provided for in Sec. 546 could not be changed to require an existing member to pay more money to maintain his membership as to argue that qualifications for membership of an existing member may not be changed so as to require the undertaking of additional action and obligation to maintain membership. But the courts have consistently held that membership dues may be raised, and existing members who do not pay the increased amount forfeit membership. 6 Am.Jur.2d Associations and Clubs Sec. 10; 38 Am.Jur. Mutual Benefit Associations Sec. 108. The rule would seem equally applicable to membership qualifications. As stated in 12 A Fletcher, Corporations, Sec. 5698 (1957 Rev.Vol.):

"Corporations * * * may always adopt reasonable by-laws, unless restricted by their charter or articles of incorporation, declaring what shall constitute membership, and what shall operate as a forfeiture thereof, applicable to existing as well as future members. * * * "

See, also Godfrey v. N. Dak. Farmers Mutual, 63 N.D. 418, 248 N.W. 527; Supreme Lodge K. P. v. Kutscher, 179 Ill. 340,

53 N.E. 620; Supreme Conclave, I. O. H. v. Rehan, 119 Md. 92, 85 A. 1035, 46 L. R.A.,N.S. 308.

■ Membership in such corporations as the Association is considered to be regulated by the contract expressed in the articles of incorporation and by-laws of the corporation, and assented to by each member upon joining. Bernstein v. Almeda-Contra Costa Med. Ass'n. 139 Cal.App.2d 241, 293 P.2d 862; Anno. 20 A.L.R.2d 531–562. Therefore, when Hudson and Parks first became members of the Association they assented to be bound by the provisions of the by-laws concerning qualifications for membership as it might be amended pursuant to the provision for amendment. Their membership was for as long as they maintained themselves qualified, rather than for life. It appears that by their own inaction Hudson and Parks have disqualified themselves from continued membership in the Association.

The purpose of the Association's Articles of Incorporation include:

"To encourage and promote understanding and cooperation among insurance agents * * *

"To encourage and promote good public relations which shall include relations between all branches of the business and the public."

■ The amendment in providing for membership of the Association's membership in local associations of insurance agents is consonant with these purposes, and is legally valid and enforceable. While a member may escape the additional obligation imposed by the amendment by permitting his membership to lapse, it is assumed upon possessing the stated qualifications he may be restored to membership. The by-laws, at least, seem to so indicate. That, however, is considered a question for the membership of the Association and is not debatable here so long as it is not shown to be a policy in violation of law. And it not being shown here that the action of the Association in refusing acceptance of dues

tendered by plaintiffs reflects a policy in violation of law or the contract between the Association and members thereof, the writ of mandamus should not have issued.

Reversed with directions to dissolve and vacate the peremptory writ of mandamus.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.